# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.  Case Nos.  3:96cr80/LAC/CJK
              3:13cv452/LAC/CJK

**STEVEN ANTHONY GRAHAM**
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 281). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 420 months imprisonment after his conviction of conspiracy to distribute controlled substance offenses (doc. 30). His conviction and sentence were affirmed on appeal (doc. 60). Defendant then

challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 that was subsequently amended (docs. 64, 68). This motion was denied in 2003 (*see* docs. 82–84). Defendant appealed, and a certificate of appealability was denied (doc. 101). Defendant's "Motion to Re-open the Denial of his § 2255" (doc. 103) was denied (doc. 104), as were his "Motion to Modify and/or Vacate District Court Orders" (docs. 202, 203), his "Motion to Set Aside 28 U.S.C. § 2255 Judgment Obtained as the Result of Fraud on the Court" (docs. 248, 249), two Rule 60(b) motions (docs. 220, 221, 236, 237), and his motion for reconsideration thereof (docs. 250, 251). He unsuccessfully appealed the denial of most of these motions. Defendant has now filed another motion to vacate in which he raises claims of ineffective assistance of counsel dating back to his original trial. He claims that his motion was timely filed because the statute of limitations was tolled during the pendency of the multiple other proceedings identified above, and he claims that his motion is not successive because the claims raised therein could not have been raised previously (doc. 281 at 12, 14–15).

Regardless of whether Defendant's claims could have been raised previously, this court does not have jurisdiction to entertain Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his

Case Nos.: 3:96cr80/LAC/CJK; 3:13cv452/LAC/CJK

initial motion. Because Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 281), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of August, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**