UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.   3:96cr80/LAC/CJK
          3:15cv220/LAC/CJK

STEVEN ANTHONY GRAHAM
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (Doc. 308). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 420 months imprisonment after his conviction of conspiracy to distribute controlled substance offenses. (Doc. 30). His conviction and sentence were affirmed on appeal. (Doc. 60). Defendant then challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. §

2255 that was subsequently amended. (Docs. 64, 68). This motion was denied in 2003. (*See* docs. 82–84). Defendant appealed, and a certificate of appealability was denied. (Doc. 101). Defendant's "Motion to Re-open the Denial of his § 2255" (doc. 103) was denied (doc. 104), as were his "Motion to Modify and/or Vacate District Court Orders" (docs. 202, 203), his "Motion to Set Aside 28 U.S.C. § 2255 Judgment Obtained as the Result of Fraud on the Court" (docs. 248, 249), two Rule 60(b) motions (docs. 220, 221, 236, 237), and his motion for reconsideration thereof (docs. 250, 251). He unsuccessfully appealed the denial of most of these motions. Defendant filed another motion to vacate in June of 2014 in which he claimed that his motion was timely filed because the statute of limitations was tolled during the pendency of the multiple other proceedings identified above, and he claims that his motion is not successive because the claims raised therein could not have been raised previously. (Doc. 281 at 12, 14–15). The court denied the motion as successive over Defendant's objection. (Docs. 296--298). Defendant appealed and the Eleventh Circuit denied his request for a certificate of appealability. (Doc. 306). His request for reconsideration was also denied. (Doc. 307).

Defendant has now filed another motion to vacate in which he makes virtually the same argument that he raised in his previous motion. Defendant claims that his conviction was obtained in violation of his sixth amendment right to a public trial and that counsel was constitutionally ineffective because he failed to protect Defendant's right to a public trial. (Doc. 308 at 23, 24). The basis for his claim is that the U.S. Marshal's service in Pensacola allegedly intimidated his wife during his trial by falsely accusing her of placing marijuana in the pocket of a suit she brought him to wear during his trial. As he did in his previous motion, Defendant has submitted an

Case Nos. 3:96cr80/LAC/CJK; 3:15cv220/LAC/CJK

affidavit signed by his wife on May 20, 2014, in which she states that she was unwilling to discuss this matter with Defendant until April of 2012 and had been unwilling to sign an affidavit because of her fear of getting into "a legal battle with the federal government." (*See* doc. 308 at 31–37).

Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion. Furthermore, it falls squarely within the parameters of § 2255(h)(1), as Defendant attempts to rely on "newly discovered evidence." Therefore, because Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, the instant motion to vacate must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

Case Nos. 3:96cr80/LAC/CJK; 3:15cv220/LAC/CJK

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 308), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of May, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos. 3:96cr80/LAC/CJK; 3:15cv220/LAC/CJK

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.