UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                     Case Nos.:  3:96cr80-LAC-CJK
                                                   3:18cv988-LAC-CJK

STEVEN ANTHONY GRAHAM,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  (ECF No. 356).  Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  It is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In April 1997, a jury found Defendant guilty of conspiracy to possess with intent to distribute cocaine and cocaine base. (*See* ECF No. 23). The court sentenced Defendant to 420 months' imprisonment. (ECF No. 30). The Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence on appeal. (ECF No. 60). In 2001, Defendant filed an initial and an amended motion to vacate pursuant to 28 U.S.C. § 2255, which the court denied on the merits in 2003. (ECF Nos. 64, 68, 82-84). Defendant appealed, and the district court and the Eleventh Circuit denied certificates of appealability. (ECF Nos. 86, 88, 101). Defendant then attempted to reopen and set aside the § 2255 judgment by filing a number of motions, all of which the court denied. (*See* ECF Nos. 103, 104, 121, 122, 202, 203, 141, 142, 182, 183, 202, 203, 220, 221, 236, 237, 248, 249). Defendant unsuccessfully appealed most of these denials.

After the conclusion of his first § 2255 proceeding, Defendant filed successive § 2255 motions in 2013, 2014, and 2015. (ECF Nos. 281, 295, 308). The court summarily denied each of these motions based on a lack of jurisdiction to consider a successive motion absent proper authorization from the Eleventh Circuit. (ECF

Nos. 282, 286, 296, 299, 309, 312). Defendant unsuccessfully appealed these summary denials. (ECF Nos. 294, 306, 331).

On October 15, 2015, the court reduced Defendant's sentence to 341 months' imprisonment. (ECF Nos. 320, 321). In May 2017, Defendant filed a motion to reopen his § 2255 proceeding based on *Buck v. Davis*, 137 S. Ct. 759 (2017), which the court denied. (ECF Nos. 338, 339). In August 2017, Defendant filed a motion for a reduction of sentence based on Amendment 750 of the Sentencing Guidelines. (ECF No. 342). The court denied this motion and a motion for reconsideration. (ECF Nos. 343-345). The Eleventh Circuit dismissed Defendant's appeal of these denials for failure to prosecute. (ECF Nos. 346, 354).

On April 23, 2018, Defendant filed the instant § 2255 motion in which he raises four claims alleging various errors related to his sentencing. (ECF No. 356). Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin*, 518 U.S. 651 (1996). Defendant filed the required application seeking to file a second or successive § 2255 motion. However, on April 10, 2018, the Eleventh Circuit Court of Appeals denied Defendant's application

Case Nos.: 3:96cr80-LAC-CJK; 3:18cv988-LAC-CJK

because he failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255(h). (ECF No. 355). Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that

Case Nos.: 3:96cr80-LAC-CJK; 3:18cv988-LAC-CJK

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant Steven Anthony Graham's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 356) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of May, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**


Case Nos.: 3:96cr80-LAC-CJK; 3:18cv988-LAC-CJK