UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:96cr80/LAC/HTC
3:20cv5908/LAC/HTC

STEVEN ANTHONY GRAHAM,
    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant Steven Anthony Graham's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody.[1] ECF Doc. 389. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides, in part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After reviewing the record, the undersigned recommends that the § 2255 motion be dismissed because it is a successive motion and the Court does not have jurisdiction to consider it.

---

[1] The motion was signed and filed by Defendant's daughter in his behalf. She indicates that she made several unsuccessful attempts to mail the motion to Defendant for him to sign, but because he is in transit pending removal, it was returned to her without a signature.

Case Nos.: 3:96cr80/LAC/HTC; 3:20cv5908/LAC/HTC

In April 1997, a jury found Defendant guilty of conspiracy to possess with intent to distribute cocaine and cocaine base. *See* ECF Doc. 23. The Court sentenced Defendant to 420 months' imprisonment, and the Eleventh Circuit affirmed. ECF Docs. 30, 60. In 2001, Defendant filed an initial and an amended motion to vacate pursuant to 28 U.S.C. § 2255, which the Court denied on the merits in 2003. ECF Docs. 64, 68, 82-84. Defendant unsuccessfully appealed, and he also attempted to re-open and set aside the § 2255 judgment with a myriad of motions, all of which the Court denied. ECF Docs. 86, 88, 101, 103, 104, 121, 122, 202, 203, 141, 142, 182, 183, 202, 203, 220, 221, 236, 237, 248, 249.

Defendant filed successive § 2255 motions in 2013, 2014, 2015 and 2018. ECF Docs. 281, 295, 308, 356. The Court summarily denied each of these motions based on a lack of jurisdiction to consider a successive motion absent proper authorization from the Eleventh Circuit. *See* ECF Docs. 282, 286, 296, 299, 309, 312, 360. Defendant unsuccessfully appealed these summary denials. ECF Docs. 294, 306, 331, 368.

On October 15, 2015, the Court reduced Defendant's sentence to 341 months' imprisonment, and on August 6, 2020, Defendant's sentence was further reduced, effective August 20, 2020, to time served. ECF Docs. 320, 321, 388.

Case Nos.: 3:96cr80/LAC/HTC; 3:20cv5908/LAC/HTC

In the instant motion, Defendant raises a single claim. He asserts that counsel was constitutionally ineffective because he did not advise Defendant, a Jamaican national, to pursue a plea that would have permitted him to avoid deportation. Defendant claims that but for counsel's allegedly faulty advice in 1997, he would have entered a guilty plea and cooperated with the Government. Defendant asserts the claim is timely because the instant motion was filed within one year of the immigration judge's September 9, 2020, deportation order. *See* ECF Doc. 389 at 13.

Defendant challenges the same judgment of conviction he challenged in his initial § 2255 motion. Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin*, 518 U.S. 651 (1996). Defendant is clearly aware of this requirement, as he has attempted to obtain such permission in the past. *See* ECF Doc. 355. However, he did not do so prior to filing the instant motion. Without such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175

(11th Cir. 2005). Therefore, the instant motion to vacate must be dismissed without prejudice.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:96cr80/LAC/HTC; 3:20cv5908/LAC/HTC

Accordingly, it is respectfully **RECOMMENDED**:

1.  Defendant Steven Anthony Graham's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF Doc. 389) be **SUMMARILY DISMISSED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 9th day of November, 2020.

*s/ Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 3:96cr80/LAC/HTC; 3:20cv5908/LAC/HTC